IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| ELFINA MCINTOSH,<br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br>Respondent. | No. 19-2454 |

**Respondent's Motion For Remand**

Respondent, the Department of Defense (DOD), respectfully requests that this case be remanded to the Merit Systems Protection Board (MSPB or board) for further proceedings before an officer properly appointed under the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2.

1. Petitioner, Elfina McIntosh, was an employee at the DOD who was terminated from her position in 2017. Ms. McIntosh sought administrative review of that decision before the MSPB, and the matter was assigned to an administrative judge. The administrative judge upheld the agency's decision to terminate Ms. McIntosh's employment, and she sought this Court's review.

2. In this Court, Ms. McIntosh asserts that the administrative judge who heard her administrative proceeding was an officer of the United States who must be appointed under the Constitution's Appointments Clause. Pet'r Br. 47 (citing

*Lucia v. SEC*, 138 S. Ct. 2044 (2018)). Under *Lucia*, the proper remedy for an Appointments Clause violation in an adjudication is "a new 'hearing before a properly appointed' official," other than the original adjudicator. *Id.* at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 183 (1995)).

3. DOD does not contest the relief petitioner seeks—that her case should be remanded for a hearing "by a new, duly-appointed AJ" or other officer appointed under the Appointments Clause. Pet'r Br. 50; *see also Lucia*, 138 S. Ct. 2055 (explaining that proceedings on remand could be heard by a properly appointed administrative law judge or by the members of the Securities and Exchange Commission). Accordingly, DOD respectfully requests that the Court order a remand for further proceedings before a properly appointed officer.

4. If the Court were to deny remand, DOD respectfully reserves any argument regarding the presentation and merits of Ms. McIntosh's Appointments Clause arguments. Further, if the Court were to deny remand, DOD respectfully requests that the Court grant it sixty (60) days from the date of the denial of remand to file its response to Ms. McIntosh's brief.

5. Counsel for Ms. McIntosh indicates that she opposes this motion.

## CONCLUSION

For the foregoing reasons, the Court should remand this case to the MSPB for further proceedings before an officer appointed under U.S. Const. art. II, § 2, cl. 2.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Allison Kidd-Miller
ALLISON KIDD-MILLER
Assistant Director

/s/ Erin K. Murdock-Park
ERIN K. MURDOCK-PARK
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 616-3753
Fax. (202) 514-8624
E-mail. erin.k.murdock-park@usdoj.gov

Counsel for Respondent

March 23, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 23rd day of March, 2020, a copy of the foregoing "RESPONDENT'S MOTION TO REMAND" was filed electronically. This filing was served electronically to all parties by virtue of the court's electronic filing system.

/s/ Erin K. Murdock-Park
ERIN K. MURDOCK-PARK

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), this response contains 341 words, excluding the parts of the response exempted by Fed. R. App. P. 27(d)(2) and Fed. Cir. R. 27(d), as calculated by Microsoft Word – the word processing program used to prepare this brief – using a 14-point proportionally spaced typeface and type style.

/s/ Erin K. Murdock-Park
ERIN K. MURDOCK-PARK