IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| ELFINA MCINTOSH,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF DEFENSE,<br><br>Respondent. | ) | 2019-2454 |

**RESPONDENT'S REPLY OF ITS MOTION FOR REMAND**

Pursuant to Rule 27(c) of the Rules of the United States Court of Appeals for the Federal Circuit, respondent, the Department of Defense (DOD), respectfully replies in support of its request that the Court remand this case to the Merit Systems Protection Board (MSPB or board) for further proceedings before an officer properly appointed under the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2. *See* ECF No. 17 (Mot.).

Petitioner, Elfina McIntosh, opposes DOD's request for remand, asserting that the Court must "issue a curative severance or otherwise direct the Board with respect to how the constitutional infirmity can be cured before any case could proceed on remand," consistent with this Court's decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320, 1338 (Fed. Cir. 2019). ECF No. 18 (Pet. Resp.) 1-3. Ms. McIntosh asserts that the MSPB is currently without any properly appointed administrative judges and, therefore, a remand absent a directive to the

board would be "circular and pointless." *Id.* at 1. Her arguments are unpersuasive.[1]

First, Ms. McIntosh opposes the very remedy that she seeks in her merits briefing. In her opening brief, she requests that "[t]he Court should remand this case to the Board, and Ms. McIntosh's case should be heard by a new, duly-appointed [administrative judge]." ECF No. 15-1 (Pet. Br.) 51. In other words, precisely the remand requested by DOD. Mot. ¶ 3. As explained in its motion, "DOD does not contest the relief petitioner seeks—that her case should be remanded for a hearing 'by a new, duly-appointed AJ' or other officer appointed under the Appointments Clause," and DOD accordingly requested that "the Court order a remand for further proceedings before a properly appointed officer." *Id.* (quoting Pet. Br. 51)

Second, if the Court were not to grant DOD's request and were to decide the merits of Ms. McIntosh's appeal, Ms. McIntosh would receive—at best—the relief that she has requested, which is the same relief that DOD now respectfully requests the Court to grant: remand to a duly-appointed administrative judge. Ms. McIntosh's assertion that there are *currently* no duly-appointed administrative

[1] Ms. McIntosh also asserts in her response that the Government's brief was due "on the same day it filed its motion for remand." Pet. Resp. 3 n.1. She appears to have miscalculated the due date for the Government's response brief, which was March 30, 2020, pursuant to this Court's rules. *See* Pet. Br. (service date of Feb. 28, 2020); Rule 31(a)(2).

judges at the MSPB is not a reason to deny remand. Three board nominees are pending before the Senate and may be confirmed at any time. *See, e.g.*, "Welcome to the MSPB," *available at* https://www.mspb.gov/. Further, the Appointments Clause issue as addressed in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), is currently pending before the MSPB. On April 23, 2019, the question of whether the MSPB's administrative judges have the authority to adjudicate appeals based upon *Lucia* was certified to the board for interlocutory appeal, and remains pending. Appx1-12.[2]

Consequently, at this juncture, the Court does not need to determine the constitutionality of the appointment of MSPB administrative judges: the issue is pending before the board and may be remedied or obviated by the decision of the board. Further, the request for remand while also preserving prospective arguments before this Court does not constitute an "evasion of judicial review." Pet. Resp. 3. Rather, remand allows the Court and the parties to conserve scarce resources and permits the MSPB to address and to resolve the issue, while preserving to DOD the right to defend against Ms. McIntosh's arguments before this Court if the Court does not remand now, and preserving to DOD and Ms. McIntosh the right to defend or to challenge the action that the MSPB takes on this issue.

---

[2] "Appx__" refers to the appendix filed concurrently with this reply.

## CONCLUSION

For these reasons and those provided in DOD's motion for remand, the Court should remand this case to the MSPB for further proceedings before an officer appointed under U.S. Const. art. II, § 2, cl. 2.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Allison Kidd-Miller
ALLISON KIDD-MILLER
Assistant Director

/s/ Erin K. Murdock-Park
ERIN K. MURDOCK-PARK
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 616-3753
Fax. (202) 514-8624
E-mail. erin.k.murdock-park@usdoj.gov

April 7, 2020

Counsel for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of April, 2020, a copy of the foregoing "RESPONDENT'S REPLY IN SUPPORT OF ITS MOTION FOR REMAND" was filed electronically. This filing was served electronically to all parties by virtue of the court's electronic filing system.

/s/ Erin K. Murdock-Park
ERIN K. MURDOCK-PARK

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), this response contains 761 words, excluding the parts of the response exempted by Fed. R. App. P. 27(d)(2) and Fed. Cir. R. 27(d), as calculated by Microsoft Word – the word processing program used to prepare this brief – using a 14-point proportionally spaced typeface and type style.

/s/ Erin K. Murdock-Park
ERIN K. MURDOCK-PARK