**No. 19-2454**

# United States Court of Appeals for the Federal Circuit

ELFINA MCINTOSH,

*Petitioner*

v.

DEPARTMENT OF DEFENSE,

*Respondent*

MERIT SYSTEMS PROTECTION BOARD,

*Intervenor*

*Petition for Review of the United States Merit Systems Protection Board in Docket No. DC-0752-17-1803-I-4, Hon. Sherry A. Zamora*

## CORRECTED SUPPLEMENTAL BRIEF FOR PETITIONER ELFINA MCINTOSH

September 8, 2021

DAVIS POLK & WARDWELL LLP

Philip T. Sheng
1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
philip.sheng@davispolk.com

*Counsel for Petitioner*

# TABLE OF CONTENTS

PAGE

ARGUMENT ..... 1

I. *Arthrex* Supports Ms. McIntosh's Argument that Board AJs Are Not Properly Appointed Principal Officers ..... 1

II. The Remedy in *Arthrex* Is Not Applicable Because Board AJs Are Not Properly Appointed Inferior Officers ..... 3

III. This Court Should Adjudicate the Appointments Clause Issue and Not Remand to the Board to Decide It ..... 6

CONCLUSION ..... 7

# TABLE OF AUTHORITIES

PAGE

## Cases

*Alston-Emerson v. DOD*,
No. DC-0752-20-0346-I-2, 2020 WL 5291455 (M.S.P.B. Aug. 31, 2020)...........4

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
941 F.3d 1320 (Fed. Cir. 2019)........................................................................6

*Barbour v. Dep't of Health & Human Serv.*,
No. DC-1221-20-0234,W-1, 2020 WL 231222 (M.S.P.B. Jan. 8, 2020) ..............6

*Bonnenburg v. Dep't of Health & Human Serv.*,
No. DC-3443-20-0233-I-1, 2020 WL 231225 (M.S.P.B. Jan. 8, 2020) ................6

*Clark v. Selective Serv. Sys.*,
No. DC-0752-20-0230-I-1, 2020 WL 997078 (M.S.P.B. Feb. 25, 2020)..............6

*Collins v. Dep't of Health & Human Serv.*,
No. PH-0752-21-0042-I-1, 2020 WL 6877625 (M.S.P.B. Nov. 16, 2020) ...........5

*Costello v. Dep't of Homeland Sec.*,
No. DC-1221-21-0070,W-1, 2020 WL 7233762 (M.S.P.B. Dec. 4, 2020)...........6

*Davis v. Dep't of Health & Human Serv.*,
No. DC-315H-19-0806-I-2, 2020 WL 2516194 (M.S.P.B. May 11, 2020) ..........6

*Dews v. Dep't of Health & Human Serv.*,
No. DC-0432-18-0190-I-3, 2020 WL 1852833 (M.S.P.B. Apr. 8, 2020) .............6

*Easley v. DOJ*,
No. AT-0752-20-0785-I-1, 2020 WL 7029547 (M.S.P.B. Nov. 24, 2020)...........5

*Gipson v. DOD*,
No. DC-531D-20-0665-I-1, 2020 WL 5521596 (M.S.P.B. Sept. 10, 2020)..........4

*Helman v. Dep't of Veterans Affs.*,
856 F.3d 920 (Fed. Cir. 2017)..........................................................................3

*Holly v Dep't of Health & Human Serv.*,
No. DC-0752-19-0548-I-2, 2020 WL 1130134 (M.S.P.B. Mar. 5, 2020)............6

*Joe v. Dep't of Health & Human Serv.*,
No. DE-0752-21-0069-I-1, 2021 WL 414465 (M.S.P.B. Feb. 21, 2021)..............5

*Johnson v. Dep't of Health & Human Serv.*,
No. DC-0752-20-0538-I-1, 2020 WL 2516220 (M.S.P.B. May 12, 2020) ...........5

*Johnson v. Robison*,
415 U.S. 361 (1974) ..........................................................................................7

*Kabria v. Dep't of Health & Human Serv.*,
No. DC-1221-20-0184-W-1, 2020 WL 231268 (M.S.P.B. Jan. 9, 2020)..............6

*Lucia v. SEC*,
138 S. Ct. 2044 (2018) ...................................................................................1, 4

*Martin v. DOD*,
No. SF-0752-19-0687-I-2, 2020 WL 5291525 (M.S.P.B. Aug. 31, 2020)............4

*Mathews v. Diaz*,
426 U.S. 67 (1976) ............................................................................................7

*Mitchell v. DOJ*,
No. AT-0752-21-0167-I-1, 2021 WL 168664 (M.S.P.B. Jan. 12, 2021)...............5

*Mouton-Miller v. Dep't of Homeland Sec.*,
No. AT-1221-21-0039-W-1, 2020 WL 6548617 (M.S.P.B. Nov. 5, 2020)...........6

*New Process Steel, L.P. v. NLRB*,
560 U.S. 674 (2010) ..........................................................................................2

*PUC v. United States*,
355 U.S. 534 (1958) ..........................................................................................7

*R.R. Yardmasters of Am. v. Harris*,
721 F.2d 1332 (D.C. Cir. 1983) ........................................................................2

*Savage v. Dep't of Health & Human Serv.*,
No. DC-0752-19-0805-I-4, 2020 WL 6269230 (M.S.P.B. Oct. 23, 2020)............5

*Seila Law LLC v. CFPB*,
140 S. Ct. 2183 (2020) ....................................................................................2

*Tippie v. Dep't of Navy*,
No. DC-0752-20-0823-I-1, 2020 WL 6548647 (M.S.P.B. Nov. 3, 2020).............6

*United States v. Arthrex*,
148 S. Ct. 1970 (2021) .......................................................................... 1, 2, 3, 4

**Other Authorities**

Nicole Ogrysko,
Complex Appointments Clause Challenges Throw Some MSPB Cases in Limbo, Federal News Network (Feb. 18, 2021), *available at*:
https://federalnewsnetwork.com/workforcerightsgovernance/
2021/02/complex-appointments-clause-challenges-throw-some-
mspb-cases-in-limbo/ ...........................................................................5, 6

# ARGUMENT

The Supreme Court's *Arthrex* decision supports Ms. McIntosh's argument that Administrative Judges ("AJs") of the Merit System Protection Board ("Board") are improperly appointed principal officers. However, the remedy fashioned in *Arthrex* for the *inter partes* review proceedings at issue there—director review—cannot apply here because *Arthrex* requires that Board AJs at a minimum be properly appointed inferior officers, which they are not. Thus, this Court cannot simply order a limited remand with director review. The Court must rule that Board AJs are not properly appointed under the Appointments Clause, vacate the AJ's decision below, and remand for a new hearing before a different, properly appointed AJ. *See Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018).

## I. *Arthrex* Supports Ms. McIntosh's Argument that Board AJs Are Not Properly Appointed Principal Officers

*Arthrex* held that Administrative Patent Judges ("APJs") of the United States Patent and Trademark Office ("USPTO") are improperly appointed principal officers because of two key factors: insulation from executive review and for-cause removal protection. *United States v. Arthrex*, 148 S. Ct. 1970, 1981–82 (2021). Specifically, with respect to insulation from executive review in the *inter partes* review context, "parties are left with[out] . . . a transparent decision for which a politically accountable officer must take responsibility." *Id.* at 1982. And for-cause removal protection blunts any effect of "'meaningful[] control[]' by the

threat of removal." *Id.* (quoting *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2203 (2020)). Ms. McIntosh relies on these very same factors to establish that Board AJs are not properly appointed principal officers. Pet. Br. at 49–50; Reply Br. at 20–24.

In addition, the Appointments Clause violation here is twofold. During the entirety of Ms. McIntosh's case, there was—and still is—no Board in place. Indeed, for over two and a half years and counting, Board AJs have wielded truly unreviewable authority without any threat of removal. As *Arthrex* put it, "[i]n all the ways that matter to the parties who appear before the [Board], the buck stops with [the AJ]."[1] *Arthrex*, 141 S. Ct. at 1982. That is impermissible. *Id.* Once a quorum of the Board ceased to exist, the power of AJs to render decisions should have ceased to exist as well. *See R.R. Yardmasters of Am. v. Harris,* 721 F.2d 1332, 1344 n.31 (D.C. Cir. 1983) (noting that if all three members of the National Mediation Board resigned, "the Board would cease to exist . . . [and] the powers of the Board that were delegated would also cease to exist"); *cf. New Process Steel, L.P. v. NLRB*, 560 U.S. 674 (2010). Thus, while Board AJs are functioning as improperly appointed principal officers in the normal course, the lack of any Board

[1] With respect to this Court's ability to review an AJ's decision, *Arthrex* held that "[r]eview outside Article II—here, an appeal to the Federal Circuit—cannot provide the necessary supervision" because "exercising executive power . . . must remain dependent upon the President." *Arthrex*, 141 S. Ct. at 1982 (internal quotation marks omitted).

members for the entirety of Ms. McIntosh's case is a separate basis to find a constitutional violation as applied to her.

## II. The Remedy in *Arthrex* Is Not Applicable Because Board AJs Are Not Properly Appointed Inferior Officers

While the constitutional infirmity in this case aligns with *Arthrex*, the remedies must diverge. The Supreme Court's ability to cure the Appointments Clause violation in *Arthrex* by allowing for director review rested on the premise that APJs, appointed by the Secretary of Commerce, "appear to be inferior officers—an understanding consistent with their appointment in a manner permissible for inferior but not principal officers." *Arthrex*, 141 S. Ct. Op. at 1976, 1986. The Supreme Court thus fashioned a "tailored approach" where APJs need only be stripped of "the insulation of their decisions from review within the Executive Branch." *Id*. at 1986–87. At that point, "APJs would [then] properly function as inferior officers." *Id*.

This same "tailored approach" is not possible here. Board AJs are not appointed in a manner permissible for inferior officers because they were not appointed by "the President," "courts of law," or any "heads of departments." Reply Br. at 28–29 (citing U.S. Const. art. II, § 2). Instead, Board AJs are appointed by an employee of the Board, the Director of Financial and Administrative Management. *Helman v. Dep't of Veterans Affs.*, 856 F.3d 920, 928 (Fed. Cir. 2017).

Because Board AJs are not even properly appointed inferior officers, the only remedy is to rule that Board AJs are not properly appointed under the Appointments Clause, vacate the AJ's decision below, and remand Ms. McIntosh's case for a new hearing before a different, properly appointed AJ. *See Lucia*, 138 S. Ct. at 2055; *Arthrex*, 148 S. Ct. at 1988 (explaining that where the constitutional violation is based on the appointment of APJs as opposed to a restraint on review authority, a hearing before a new panel of APJs is proper).

DoD should agree that Board AJs are not appointed in a manner permissible even for inferior officers. Indeed, since Ms. McIntosh filed her opening brief in this appeal, DoD has successfully dismissed multiple cases before the Board on the ground that Board AJs are not properly appointed inferior officers. *Martin v. DOD*, No. SF-0752-19-0687-I-2, 2020 WL 5291525 (M.S.P.B. Aug. 31, 2020) ("On August 24, the agency filed a motion asserting that I lack the authority to decide this appeal under *Lucia*."); *Alston-Emerson v. DOD*, No. DC-0752-20-0346-I-2, 2020 WL 5291455 (M.S.P.B. Aug. 31, 2020) ("In support of the motion, the agency argued that I lacked the authority to decide this appeal based on the U.S. Supreme Court's Opinion in *Lucia*."); *Gipson v. DOD*, No. DC-531D-20-0665-I-1, 2020 WL 5521596 (M.S.P.B. Sept. 10, 2020). These cases were dismissed without prejudice and are now in limbo before the Board.

DoD is not alone in making this argument. The Department of Justice has also relied on it to dismiss cases before the Board. *Mitchell v. DOJ*, No. AT-0752-21-0167-I-1, 2021 WL 168664 (M.S.P.B. Jan. 12, 2021) ("The agency asserts that the undersigned Administrative Judge lacks the authority to decide this appeal under *Lucia*."); *Easley v. DOJ*, No. AT-0752-20-0785-I-1, 2020 WL 7029547 (M.S.P.B. Nov. 24, 2020) (same). In fact, after the Supreme Court decided *Lucia*, ***the federal government has raised the argument in roughly 180 cases before the Board***.[2] The Department of Health and Human Services, the Department of Veterans Affairs, the Department of Defense, the Department of Homeland Security, the Selective Service System, the Equal Employment Opportunity Commission, the Department of Agriculture, and the Department of the Navy, to name a few, have all argued for dismissal on the ground that Board AJs are improperly appointed inferior officers.[3]

---

[2] *See* Nicole Ogrysko, Complex Appointments Clause Challenges Throw Some MSPB Cases in Limbo, Federal News Network (Feb. 18, 2021), *available at* https://federalnewsnetwork.com/workforcerightsgovernance/2021/02/complex-appointments-clause-challenges-throw-some-mspb-cases-in-limbo/. This number is likely much higher now since the figure cited is as of December 2020.

[3] *See, e.g.*, *Joe v. Dep't of Health & Human Serv.*, No. DE-0752-21-0069-I-1, 2021 WL 414465 (M.S.P.B. Feb. 21, 2021); *Collins v. Dep't of Health & Human Serv.*, No. PH-0752-21-0042-I-1, 2020 WL 6877625 (M.S.P.B. Nov. 16, 2020); *Savage v. Dep't of Health & Human Serv.*, No. DC-0752-19-0805-I-4, 2020 WL 6269230 (M.S.P.B. Oct. 23, 2020); *Johnson v. Dep't of Health & Human Serv.*, No. DC-0752-20-0538-I-1, 2020 WL 2516220 (M.S.P.B. May 12, 2020); *Davis v. Dep't of Health & Human Serv.*, No. DC-315H-19-0806-I-2, 2020 WL
(….continued)

## III. This Court Should Adjudicate the Appointments Clause Issue and Not Remand to the Board to Decide It

Intervenor has asked the Court not to rule on the Appointments Clause issue but instead "remand to allow the Board to make the first determinations as to whether the administrative judge was an officer, either principal or inferior, under the Appointments Clause, and, if so, whether she was properly appointed." MSPB Br. at 5. The Court should decline that invitation. First, there are no Board members. Second, even if the President nominated and the Senate confirmed a full Board today, "the Board [is] not capable of providing any meaningful relief to this type of Constitutional challenge and it would therefore [be] futile for [Ms. McIntosh] to have made the challenge there." *Arthrex, Inc. v. Smith & Nephew, Inc*., 941 F.3d 1320, 1339 (Fed. Cir. 2019), *vacated on other grounds sub nom*.

---

2516194 (M.S.P.B. May 11, 2020); *Dews v. Dep't of Health & Human Serv.*, No. DC-0432-18-0190-I-3, 2020 WL 1852833 (M.S.P.B. Apr. 8, 2020); *Holly v Dep't of Health & Human Serv*., No. DC-0752-19-0548-I-2, 2020 WL 1130134 (M.S.P.B. Mar. 5, 2020); *Kabria v. Dep't of Health & Human Serv.*, No. DC-1221-20-0184-W-1, 2020 WL 231268 (M.S.P.B. Jan. 9, 2020); *Barbour v. Dep't of Health & Human Serv.*, No. DC-1221-20-0234,W-1, 2020 WL 231222 (M.S.P.B. Jan. 8, 2020); *Bonnenburg v. Dep't of Health & Human Serv.*, No. DC-3443-20-0233-I-1, 2020 WL 231225 (M.S.P.B. Jan. 8, 2020); *Costello v. Dep't of Homeland Sec.*, No. DC-1221-21-0070,W-1, 2020 WL 7233762 (M.S.P.B. Dec. 4, 2020); *Mouton-Miller v. Dep't of Homeland Sec.*, No. AT-1221-21-0039-W-1, 2020 WL 6548617 (M.S.P.B. Nov. 5, 2020); *Clark v. Selective Serv. Sys.*, No. DC-0752-20-0230-I-1, 2020 WL 997078 (M.S.P.B. Feb. 25, 2020); *Tippie v. Dep't of Navy*, No. DC-0752-20-0823-I-1, 2020 WL 6548647 (M.S.P.B. Nov. 3, 2020); Ogrysko, *supra* note 2 (noting Appointments Clause arguments by the Departments of Veterans Affairs and Agriculture and the Equal Employment Opportunity Commission).

*Arthrex*, 141 S. Ct. 1970 (2021); *see also Mathews v. Diaz*, 426 U.S. 67, 76 (1976) ("[T]his constitutional question is beyond the Secretary's competence."); *Johnson v. Robison*, 415 U.S. 361, 368 (1974) ("[A]djudication of the constitutionality of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies"); *PUC v. United States*, 355 U.S. 534, 539–40 (1958) ("That issue is a constitutional one that the Commission can hardly be expected to entertain.").

Remanding to the memberless Board without deciding the constitutional issue would only perpetuate the growing number of cases pending before it that cannot proceed unless and until an Article III court rules. *Supra* n.3 (noting there are well over 3000 cases pending before the Board). While this Court might not be able to cure the Appointments Clause violation in the same way the Supreme Court cured the violation in *Arthrex*, a ruling by this Court that Board AJs are not properly appointed under the Appointments Clause would still be a substantial step toward fixing a problem that will otherwise continue to exist indefinitely.

## CONCLUSION

For the foregoing reasons, Ms. McIntosh respectfully requests that the Court rule that Board AJs are not properly appointed under the Appointments Clause, vacate the AJ's decision below, and remand Ms. McIntosh's case for a new hearing before a different, properly appointed AJ.

Dated: September 8, 2021

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ Philip T. Sheng*

Philip T. Sheng
1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
philip.sheng@davispolk.com

*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2021 the foregoing Corrected Supplemental Brief for Petitioner was filed electronically using the CM/ECF system and served upon registered counsel by operation of the Court's CM/ECF system.

Dated: September 8, 2021

DAVIS POLK & WARDWELL LLP

By: */s/ Philip T. Sheng*
Philip T. Sheng

1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
philip.sheng@davispolk.com

**CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation set forth in the Court's July 22, 2021 Order (DE 60) because it contains 1783 words (calculated by Microsoft Word 2016).

2. The brief complies with the typeface and type style requirements of FRAP 32(a)(5) and (6) because it was prepared using Microsoft Word 2016 in Times New Roman 14-point font.

Dated: September 8, 2021

DAVIS POLK & WARDWELL LLP

By: *<u>/s/ Philip T. Sheng</u>*
Philip T. Sheng

1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
philip.sheng@davispolk.com