**No. 19-2454**

# United States Court of Appeals for the Federal Circuit

ELFINA MCINTOSH,

*Petitioner*

v.

DEPARTMENT OF DEFENSE,

*Respondent*

MERIT SYSTEMS PROTECTION BOARD,

*Intervenor.*

*Petition for Review of the United States Merit Systems Protection Board in Docket No. DC-0752-17-1803-I-4, Hon. Sherry A. Zamora*

## SUPPLEMENTAL REPLY BRIEF FOR PETITIONER ELFINA MCINTOSH

November 22, 2021

DAVIS POLK & WARDWELL LLP

Philip T. Sheng
1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
philip.sheng@davispolk.com

*Counsel for Petitioner*

# TABLE OF CONTENTS

PAGE

ARGUMENT ........................................ 1

I. *Arthrex* Supports Ms. McIntosh ........................................ 1

II. The Court Should Decide the Appointments Clause Issue ........................................ 4

A. Appointments Clause Challenges Can Be Raised on Appeal ........................................ 4

B. Whether Board AJs Are Validly Appointed Inferior Officers, If Not Principal Officers, Is Properly Before the Court ........................................ 5

C. The Court Should Not Remand ........................................ 7

III. *Rodriguez* Does Not Foreclose Ms. McIntosh's As-Applied Argument ........................................ 8

CONCLUSION ........................................ 9

# TABLE OF AUTHORITIES

PAGE

**Cases**

*Flynn v. SEC*,
Order and Certification for Interlocutory Appeal, DE 22-2
(M.S.P.B. Apr. 23, 2019)........................................4, 7

*Freytag v. Comm'r*,
501 U.S. 868 (1991)........................................4

*Helman v. Dep't of Veterans Affs.*,
856 F.3d 920 (Fed. Cir. 2017)........................................7

*Mobility Workx, LLC v. Unified Pats., LLC*,
15 F.4th 1146 (Fed. Cir. 2021)........................................4, 7

*Rodriguez v. Dep't of Veterans Affs.*,
8 F.4th 1290 (Fed. Cir. 2021)........................................2, 6, 9

*United States v. Arthrex, Inc.*,
141 S. Ct. 1970 (2021)........................................1, 2, 3

**Statutes**

5 U.S.C. § 7701(e)(1)........................................2

# ARGUMENT

DoD and Intervenor argue that Board AJs are not principal officers under *Arthrex*, yet neither addresses the fact that Board AJs are not even properly appointed inferior officers. *Arthrex* was grounded in the fact that PTAB APJs are at least properly appointed inferior officers, which is not the case for Board AJs. Thus, while Ms. McIntosh maintains that *Arthrex* supports her argument that Board AJs are improperly appointed principal officers, there is still an Appointments Clause violation if she is wrong. The government has no response but to ask the Court to pass on this important issue. It should not.

## I. *Arthrex* Supports Ms. McIntosh

DoD quibbles over whether *Arthrex* held that PTAB APJs are principal officers. DoD.Supp.Br. 6. Any reasonable confirms that it did, even if not express. *See United States v. Arthrex, Inc*., 141 S. Ct. 1970, 1988-99 (2021) (Thomas, J. dissenting) (noting the majority "cannot quite bring itself to say so expressly"). The Supreme Court did not conduct a formal analysis for distinguishing between principal and inferior officers because PTAB APJs were at least properly appointed inferior officers. Indeed, whether PTAB APJs were improperly appointed principal officers or properly appointed inferior officers exceeding the permissible scope of their duties, "both formulations describe the

same constitutional violation." *Id*. at 1985. The situation here is vastly different—Board AJs are not properly appointed either as principal or inferior officers.

Thus, while a remand is required either way, this Court must conduct a formal analysis distinguishing between principal and inferior officers because the remedy will be different for each. *Rodriguez v. Dep't of Veterans Affs*., 8 F.4th 1290, 1309 n.9 (Fed. Cir. 2021) (not deciding this question "of critical importance" because appellant made only a "passing reference" to it). Contrary to Intervenor's suggestion, the Supreme Court did not eschew the test articulated in this Court's *Arthrex* opinion or "replace it with a single criterion." MSPB.Supp.Br. 4. Rather, the Supreme Court specifically stated it did not need to "set forth an exclusive criterion for distinguishing between principal and inferior officers." *Arthrex*, 141 S.Ct. at 1985. Thus, *Arthrex* does not undermine Ms. McIntosh's arguments. It only reinforces them.

*Arthrex* made clear that only principal officers can have "***absolute authority*** to issue final decisions that bind the Executive Branch." DoD.Supp.Br. 6.[1] Board AJs possess such authority. Indeed, AJ decisions are final unless a party appeals to the Board. 5 U.S.C. § 7701(e)(1). Federal employees often lack the resources to

[1] All emphases are added unless otherwise noted.

appeal, or, they exercise their statutory right to appeal directly to this Court.[2] In both common scenarios, the Board cannot prevent an AJ's decision from becoming final and can only reopen a final decision under "unusual," "extraordinary," "rare," and "limited" circumstances. McIntosh.Reply.Br. 20-22. DoD argues that this is permissible because a party can "prevent" an AJ's decision from becoming final by seeking Board review, which then provides the Board discretion to review the AJ's decision. DoD.Supp.Br. 9. But that is not sufficient. There can be no "statutory restrictions that insulate [AJ decisions] from [the Board's] direction and supervision." *Athrex*, 141 S.Ct. at 1988. While "the [Board] need not review every decision of [AJs,] [w]hat matters is that the [Board] have the discretion to review decisions rendered by [AJs]." *Id*. The Board lacks discretion to review a significant number of AJ decisions.

Ultimately, there is no dispute that Board AJs exercise significant authority and are thus officers of some kind. McIntosh Br. 47; DoD Br. 60. If that authority does not cross the threshold of making them principal officers, they must be inferior officers as DoD argues, in which case, there is still an Appointments Clause violation. Instead of addressing this critically important issue, DoD and Intervenor ask the Court to bury its head in the sand. It should not.

---

[2] "Review outside of Article II—here, an appeal to the Federal Circuit—cannot provide the necessary supervision." *Athrex*, 141 S.Ct. at 1982.

## II. The Court Should Decide the Appointments Clause Issue

### A. Appointments Clause Challenges Can Be Raised on Appeal

It is well settled that Appointments Clause challenges can be raised for the first time on appeal due to the "roots of the separation-of-powers concept" and "preserving the Constitution's structural integrity." *Freytag v. Comm'r*, 501 U.S. 868, 878-79 (1991); *see also Mobility Workx, LLC v. Unified Pats., LLC*, 15 F.4th 1146, 1151-52 (Fed. Cir. 2021). In fact, "the Supreme Court has repeatedly declined to waive an untimely raised constitutional challenge under the Appointments Clause, of the type presented here, each time it has considered such a 'rare case' over the last 100 years." *Flynn v. SEC*, Order and Certification for Interlocutory Appeal, DE 22-2 at 5-6 (M.S.P.B. Apr. 23, 2019). The interests at stake in those cases are no greater than here. Indeed, the only argument DoD proffers that this case is not exceptional is that there is allegedly no Appointments Clause violation to begin with. DoD.Supp.Br. 12-13. That is of course entirely circular. If all the government needs to argue is that a challenged appointment is "constitutionally sound as-is," *id.*, no challenges would ever be reviewed.[3]

[3] DoD again cites *Ciena* and *DBC* to support its waiver argument. DoD.Supp.Br. 11. These cases are readily distinguishable for reasons previously articulated. McIntosh.Reply.Br. 16–17.

### B. Whether Board AJs Are Validly Appointed Inferior Officers, If Not Principal Officers, Is Properly Before the Court

DoD contends that Ms. McIntosh waived the argument that Board AJs are improperly appointed inferior officers by not raising it in her opening brief. DoD.Supp.Br. 14. DoD's arguments lack merit. First, DoD ignores that it argued in its merits brief that Board AJs are inferior officers. DoD Br. 60. Ms. McIntosh was entitled to respond to that argument, which she did by arguing that Board AJs are not validly appointed even as inferior officers. McIntosh.Reply.Br. 28-29.

Second, Ms. McIntosh's opening brief analyzed whether Board AJs are officers and stated: "The next question is to determine ***whether Board AJs are inferior or principal officers***." McIntosh.Br. at 47-48. Guided by this Court's *Arthrex* decision,[4] Ms. McIntosh likened Board AJs to PTAB APJs found by this Court to be principal officers. *Id*. at 49-51. To the extent Ms. McIntosh was wrong, DoD was on notice and was in fact clearly aware of the issue that Board AJs are improperly appointed inferior officers if not principal officers. Indeed, after the Supreme Court granted certiorari, DoD requested a stay because "whether [APJs] are principal officers or inferior officers . . . directly affects one of the main arguments raised by petitioner." DE 46 at 1. DoD further represented that "[a]ll parties repeatedly cited to *Arthrex* in their merits briefs" and "the Supreme Court's

[4] This Court's *Arthrex* decision was an intervening decision, which further supports no waiver. McIntosh.Br. 17 n.7.

*Arthrex* decision is ***very likely to inform the Court's decision on whether MSPB administrative judges are principal or inferior officers***." *Id*. at 4. The stay was granted, DE 51, and this Court even recognized soon after that "the question whether [Board AJs] are properly considered principal officers or inferior officers of the United States and whether they were properly appointed for purposes of the Appointments Clause is currently pending before another panel of this court in *McIntosh v. Department of Defense*." *Rodriguez*, 8 F.4th at 1309.

Ultimately, the fact that Ms. McIntosh's opening brief likened Board AJs to principal officers as opposed to inferior officers became irrelevant after the Supreme Court decided *Arthrex* and vacated this Court's opinion—i.e., the opinion Ms. McIntosh relied on. Indeed, after *Arthrex* was decided, the parties requested supplemental briefing to address. DE 59. That is precisely what Ms. McIntosh did. Ms. McIntosh argued in her supplement brief that *Arthrex* still supports her argument that Board AJs are principal officers but also highlights a critical issue in that Board AJs are not even validly appointed inferior officers. Ms. McIntosh was free to raise that argument.[5]

[5] DoD hides behind waiver because it does not want to admit—as it has done before the Board—that Board AJs are improperly appointed inferior officers. DoD suggests, in a footnote, that it merely recognized before the Board "that there is an interlocutory appeal pending before the board." DoD.Supp.Br. 15 n.2. That is facially false. DoD specifically argued that Board AJs "lack the authority" to decide appeals. McIntosh.Supp.Br. 4.

### C. The Court Should Not Remand

DoD and Intervenor ask this Court to remand to the Board, but neither substantively addresses the plethora of cases that hold that agencies generally lack the authority to resolve Appointments Clause violations. McIntosh.Supp.Br. 6-7; *Mobility*, 15 F.4th at 1150-51 (citing cases). Setting this threshold issue aside, their arguments lack merit.

DoD suggests that the Board possesses special expertise, including "an intimate understanding of how each of the administrative judges has been appointed, unlike the meager, and practically non-existent record on that factual question available to this Court." DoD.Supp.Br. 15-16. But the record available to the Board is not any better. The opinion certified for interlocutory appeal contains a single sentence on the issue: "MSPB AJs are not currently appointed pursuant to such a process." *Flynn*, DE 22-2 at 11. That is because no one disputes that Board AJs are not appointed by the President, a court of law, or a head of department. *Id*. at 10; *see also Helman v. Dep't of Veterans Affs*., 856 F.3d 920, 928 (Fed. Cir. 2017) (noting how Board AJs are appointed). And the authority vested in Board AJs is also not in dispute. *See* McIntosh.Br. 47-48, *Flynn*, DE 22-2 at 8-10. What remains is a constitutional question of law—one that the judges of this Court have far more expertise to decide than a newly appointed Board member with no prior judicial service.

DoD and Intervenor also suggest there is some efficiency to be gained by remanding. MSPB.Supp.Br. 2; DoD.Supp.Br. 5. Specifically, they argue that the Board can provide a remedy, such as reducing the authority of AJs. But reducing the authority of AJs would require at least severing portions of 5 U.S.C. § 1204(b), which the Board lacks authority to do.[6] McIntosh.Supp.Br. 6-7. DoD and Intervenor also argue that the Board can ratify or make new appointments. MSPB.Supp.Br. 2; DoD.Supp.Br. 5. But the Board can do this at the same speed whether by its own order or by order of this Court. There is no efficiency to be gained. The opposite is true. The parties would have to wait for Board confirmation (pending for years), wait for a ruling in *Flynn* (with the potential for additional briefing and argument), and wait through an appeal potentially right back to this Court. This Court can just decide the issue now. It is not true that Ms. McIntosh would be in the identical position she is in now. DoD.Supp.Br. 5. The issue would be decided.

## III. *Rodriguez* Does Not Foreclose Ms. McIntosh's As-Applied Argument

*Rodriguez* noted that an Appointments Clause violation could arise should the absence of a quorum "continue for a significant additional period with no prospect that new Board members would be appointed." *Rodriguez*, 8 F.4th at

[6] It is also unclear how their authority could be reduced to the point they are no longer officers but can still perform the role of an AJ.

1309 n.12. But no guidance was offered as to what constitutes a significant period or from what point in time one begins measuring. Ms. McIntosh was terminated an entire year before the petitioner in *Rodriguez*, and there is still no quorum since *Rodriguez* was decided. Ms. McIntosh has seen multiple nominations fail confirmation, McIntosh.Reply.Br. 14-15, and the "prospect that new Board members would be appointed" is the same as it was when Ms. McIntosh was terminated. Ms. McIntosh requests that the Court expound on the footnote in *Rodriguez*. Even if a quorum was established today, the lack of a quorum as applied to Ms. McIntosh and the timeline of her case results in a constitutional violation.

## CONCLUSION

For these reasons, the Court should grant Ms. McIntosh's requested relief.

Dated: November 22, 2021

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ Philip T. Sheng*

Philip T. Sheng
1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
philip.sheng@davispolk.com

*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I certify that on November 22, 2021 the foregoing Supplemental Reply Brief for Petitioner was filed electronically using the CM/ECF system and served upon registered counsel by operation of the Court's CM/ECF system.

Dated: November 22, 2021

DAVIS POLK & WARDWELL LLP

By: */s/ Philip T. Sheng*
Philip T. Sheng

1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
philip.sheng@davispolk.com

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation set forth in the Court's July 22, 2021 Order (DE 60) because it contains 2000 words (calculated by Microsoft Word 2016).

2. The brief complies with the typeface and type style requirements of FRAP 32(a)(5) and (6) because it was prepared using Microsoft Word 2016 in Times New Roman 14-point font.

Dated: November 22, 2021

DAVIS POLK & WARDWELL LLP

By: */s/ Philip T. Sheng*
Philip T. Sheng

1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
philip.sheng@davispolk.com