New York
Northern California
Washington DC
São Paulo
London
Paris
Madrid
Hong Kong
Beijing
Tokyo

Davis Polk

**Philip T. Sheng**

Davis Polk & Wardwell LLP
1600 El Camino Real
Menlo Park, CA 94025

650 752 2038 tel
650 752 3607 fax
philip.sheng@davispolk.com

January 11, 2022

Re: *McIntosh v. Dep't of Defense*, No. 2019-2454

Peter R. Marksteiner
Circuit Executive and Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Dear Colonel Marksteiner:

Pursuant to Rule 28(j), Petitioner Elfina McIntosh submits as supplemental authority the Fifth Circuit's en banc decision in *Cochran v. U.S. Sec. & Exch. Comm'n*, 20 F.4th 194 (5th Cir. 2021), which supports Petitioner's argument that the Court should decide Petitioner's appointments clause challenge and not remand to the Board as Intervenor and DoD suggest. *See, e.g.*, Pet.Suppl.Reply.Br. at 7-8.

In *Cochran*, the district ruled that Cochran "was required to raise her constitutional claims in the ALJ proceeding [before the SEC] and then petition for review in the Fifth Circuit or the District of Columbia Circuit if she was dissatisfied with the outcome." *Cochran v. U.S. Sec. & Exch. Comm'n*, 20 F.4th 194, 198 (5th Cir. 2021). A panel of the Firth Circuit affirmed, and the Fifth Circuit granted en banc review. *Id*. at 199. In reversing the panel decision, the en banc court cited Supreme Court precedent that "rejected the Government's suggestion that [Cochran] could have sought SEC review of a [Board] rule or regulation, as such a challenge would have been a pointless pretext for its structure constitutional claims." *Id*. at 202. The court explained that such "constitutional claims were outside the SEC's expertise because they were 'standard questions of

administrative law' that did not require any 'fact-bound inquiries' or 'technical considerations of [agency] policy.'" *Id.*; *see also id*. at 207-208. For similar reasons, this Court should not remand Petitioner's constitutional claims to the Board.

Petitioner additionally notes that there is still no quorum of the Board, making it five years since the Board has had one. During the entirety of Petitioner's case—from her termination until today—the Board has lacked a quorum.

Dated: January 11, 2022

Respectfully submitted,

Davis Polk & Wardwell

/s/ *Philip T. Sheng*

Philip T. Sheng

1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
Fax: (650) 752-2111
philip.sheng@davispolk.com

*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2022, the foregoing Rule 28(j) letter was filed electronically using the CM/ECF system and served upon registered counsel by operation of the Court's CM/ECF system.

Dated: January 11, 2022

DAVIS POLK & WARDWELL LLP

By: /s/ *Philip T. Sheng*
Philip T. Sheng

1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
Fax: (650) 752-2111
philip.sheng@davispolk.com

## CERTIFICATE OF COMPLIANCE

1. This letter of supplemental authority complies with the word limitation of Federal Rule of Appellate Procedure 28(j), because it contains 279 words in the body of the letter.

2. This letter of supplemental authority complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E). It was prepared in a proportionally spaced typeface using Microsoft Word version 16 in 14-point Times New Roman font.

Dated: January 11, 2022

DAVIS POLK & WARDWELL LLP

By: /s/ *Philip T. Sheng*
Philip T. Sheng

1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
Fax: (650) 752-2111
philip.sheng@davispolk.com