New York
Northern California
Washington DC
São Paulo
London
Paris
Madrid
Hong Kong
Beijing
Tokyo

Davis Polk

**Philip T. Sheng**

Davis Polk & Wardwell LLP
1600 El Camino Real
Menlo Park, CA 94025

650 752 2038 tel
650 752 3607 fax
philip.sheng@davispolk.com

April 5, 2022

Re: *McIntosh v. Dep't of Defense*, No. 2019-2454

Peter R. Marksteiner
Circuit Executive and Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Dear Colonel Marksteiner:

Pursuant to Rule 28(j), Petitioner Elfina McIntosh submits as supplemental authority the attached March 31, 2022 order by the Merit Systems Protection Board in *Flynn v. Sec. and Exchange Comm'n*, MSPB Docket No. DC-1221-14-1124-M-4 ("Order"), which ruled on the Administrative Judge's ("AJ") April 23, 2019 order certifying for interlocutory review Mr. Flynn's Appointments Clause challenge. A quorum of the Board, which was recently reconstituted, did not reach the Appointments Clause issue. Instead, it vacated the AJ's ruling and remanded for further adjudication before a new AJ on other grounds, and held that Mr. Flynn's Appointments Clause challenge was now moot. Order at 1–2, 5–7.

Although it did not expressly reach the Appointments Clause issue, the Order strongly suggests that the AJ who decided Ms. McIntosh's case was an improperly appointed inferior officer at the time the decision was rendered. The Order's mootness ruling was based in part on the fact that on March 4, 2022, the appointments of all Board AJs were "ratified by the head of the agency, thereby satisfying the requirements of the Appointments Clause" for inferior officers.

Order at 6. Thus, "the appellant has received all the relief the Board can provide as to his Appointments Clause claim and that issue is now moot." Order at 7.

The MSPB as Intervenor has asked the Court in this case to remand to the Board to allow the Board to decide the Appointments Clause issue in the first instance. *E.g.*, ECF No. 27 at 7. Intervenor cites to *Flynn v. SEC* as the case where the Board was expected to decide the issue. *Id*. at 7–8. However, the Board did not decide the Appointments Clause issue in *Flynn v. SEC* nor did it provide any guidance on how cases decided before the ratification of Board AJs should proceed. Thus, Ms. McIntosh respectfully requests that this Court proceed with scheduling oral argument so that this Court can rule on Ms. McIntosh's Appointments Clause challenge.

Dated: April 5, 2022

Respectfully submitted,

Davis Polk & Wardwell

/s/ Philip T. Sheng

Philip T. Sheng

1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
Fax: (650) 752-2111
philip.sheng@davispolk.com

*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2022, the foregoing Rule 28(j) letter was filed electronically using the CM/ECF system and served upon registered counsel by operation of the Court's CM/ECF system.

Dated: April 5, 2022

DAVIS POLK & WARDWELL LLP

By: /s/ Philip T. Sheng
Philip T. Sheng

1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
Fax: (650) 752-2111
philip.sheng@davispolk.com

**CERTIFICATE OF COMPLIANCE**

1. This letter of supplemental authority complies with the word limitation of Federal Rule of Appellate Procedure 28(j), because it contains 327 words in the body of the letter.

2. This letter of supplemental authority complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E). It was prepared in a proportionally spaced typeface using Microsoft Word version 16 in 14-point Times New Roman font.

Dated: April 5, 2022

DAVIS POLK & WARDWELL LLP

By: /s/ Philip T. Sheng
Philip T. Sheng

1600 El Camino Real
Menlo Park, California 94025
Tel.: (650) 752-2000
Fax: (650) 752-2111
philip.sheng@davispolk.com

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RORY C. FLYNN,<br>Appellant, | DOCKET NUMBER<br>DC-1221-14-1124-M-4 |
| v. | |
| SECURITIES AND EXCHANGE COMMISSION,<br>Agency. | DATE: March 31, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Bruce M. Bettigole, Washington, D.C., for the appellant.

James V. Blair, and Laura Walker, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## ORDER

¶1 This appeal is before us on the administrative judge's April 23, 2019 order certifying for interlocutory review his order addressing the appellant's claims under the Appointments Clause and separation of powers provisions of the U.S. Constitution. We VACATE the administrative judge's ruling and RETURN

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this case to the regional office for further adjudication before a different administrative judge consistent with this decision.

## BACKGROUND

¶2 The appellant first filed his individual right of action appeal with the Board in September 2014, after exhausting his administrative remedies with the Office of Special Counsel. In his appeal, he alleged that the agency terminated him in May 2013, from his position as an Associate General Counsel in retaliation for whistleblowing. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-W-1, Appeal File (W-1 AF), Tab 1. After the parties engaged in extensive discovery over several months, the assigned administrative judge held the appellant's requested hearing over the course of 3 days in May and July 2015. The administrative judge issued an initial decision denying the appellant's request for corrective action. W-1 AF, Tab 128, Initial Decision (July 30, 2015). The appellant filed a petition for review of the initial decision, but the two Board members could not agree on the disposition of the petition and the initial decision therefore became the final decision of the Board. W-1 AF, Tab 12, Order (Sept. 1, 2016).

¶3 The appellant then sought review of the Board's final decision in the U.S. Court of Appeals for the Fourth Circuit. In December 2017, the Fourth Circuit issued a decision remanding the case to the Board for further consideration. The court agreed with the Board that the appellant's disclosures alleging violations of the agency's Rule 900(a) were not protected, but it found that the Board failed to fully consider whether the appellant made protected disclosures alleging violations of Rule 900(b). *Flynn v. Securities & Exchange Commission*, 877 F.3d 200, 205-08 (4th Cir. 2017). Rather than evaluating those additional disclosures itself in the first instance, the court remanded the case to the Board in order for the administrative judge to interpret the evidence after further development of the record, if necessary.

¶4 In February 2018, after the case had returned to the Board, the appellant moved to vacate the administrative judge's prior decision based on violations of the Appointments Clause and separation of powers provisions of the U.S. Constitution. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-M-1, Appeal File (M-1 AF), Tab 2. He noted that the U.S. Supreme Court had granted certiorari in January 2018, in *Lucia v. Securities & Exchange Commission*, 138 S. Ct. 736 (Jan. 12, 2018), to address whether administrative law judges (ALJs) of the Securities & Exchange Commission (SEC) are Officers of the United States who must be appointed in accordance with the Appointments Clause. The appellant argued that the Board's administrative judges, like SEC ALJs, are Officers of the United States whose appointments were not made in accordance with the Appointments Clause.[2] To remedy the alleged Appointments Clause violation, the appellant asked that a Board member adjudicate his appeal de novo.[3] M-1 AF, Tab 2 at 5-9. The appellant also argued that the prior Board decision was void because the administrative judge who decided his case was insulated from removal by multiple layers of for-cause protection. *Id.* at 9-10.

¶5 The remanded appeal was assigned to the same administrative judge who decided the initial appeal. In March 2018, he dismissed the appeal without prejudice pending the Supreme Court's decision in *Lucia*. M-1 AF, Tab 7, Initial Decision (Mar. 12, 2018). In June 2018, just after the Supreme Court decided *Lucia*, the administrative judge dismissed the appeal a second time "to allow time to further refine the issues and determine the proper scope of inquiry and action

---

[2] Under the Appointments Clause, the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . Officers of the United States . . . but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2.

[3] Members of the Board are appointed by the President with the advice and consent of the Senate, 5 U.S.C. § 1201, and therefore there is no dispute as to the validity of their appointment.

by the Board." *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-M-2, Appeal File (M-2 AF), Tab 3, Initial Decision (June 29, 2018). He dismissed the appeal without prejudice a third time in October 2018. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-M-3, Appeal File (M-3 AF), Tab 2, Initial Decision (Oct. 2, 2018). Later in October 2018, the appeal was refiled and reassigned to a new administrative judge. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-M-4, Appeal File (M-4 AF), Tab 2.

¶6 In response to the appellant's constitutional arguments, the agency argued in part that the appellant had waived those arguments by failing to raise them in his initial appeal before the administrative judge or in his petition for review to the Board. M-2 AF, Tab 5; M-3 AF, Tab 5. In April 2019, the newly assigned administrative judge issued an Order and Certification for Interlocutory Appeal holding that (1) the appellant's constitutional claims were properly before the Board, (2) the Board's administrative judges are Officers of the United States whose appointments did not comply with the Appointments Clause, and (3) the Board lacks authority to address the appellant's separation-of-powers argument because doing so would require the Board to adjudicate the constitutionality of a statute. M-4 AF, Tab 9. The administrative judge stayed all further proceedings pending the Board's resolution of this interlocutory appeal.[4]

## ANALYSIS

¶7 An administrative judge will certify a ruling for interlocutory review if the ruling involves an important question of law or policy about which there is substantial ground for difference of opinion and an immediate ruling will

[4] While this matter was pending before the Board on interlocutory review, the appellant filed several pleadings citing additional legal authority regarding the constitutional claims raised in this appeal. M-4 AF, Tabs 12-18. In reaching our decision in this matter, we have considered the relevant legal authorities, including but not limited to those cited in the appellant's additional pleadings.

materially advance the completing of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public. *Cooper v. Department of the Navy*, 98 M.S.P.R. 683, ¶ 5 (2005), *review dismissed sub nom. Weaver v. Department of the Navy*, 197 F. App'x 936 (Fed. Cir. 2006); 5 C.F.R. § 1201.92. In light of the lack of guidance regarding the impact of the *Lucia* decision on the Board, we find that certification was proper.

The law of the case doctrine applies to those claims that were not the subject of the remand.

¶8 As noted above, although the Fourth Circuit remanded this appeal to the Board for further consideration of the appellant's Rule 900(b) disclosures, the court agreed with the Board that the appellant's Rule 900(a) disclosures were not protected. Under the law of the case doctrine, a tribunal will not consider issues that have already been decided in an appeal, unless there is new and material evidence adduced at a subsequent trial, controlling authority has made a contrary decision of law, or the prior decision was clearly erroneous and would work a manifest injustice. *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 7 (2014). We find that the law of the case doctrine prevents relitigation of the appellant's claims arising out of his Rule 900(a) disclosures. Therefore, consistent with the Fourth Circuit's instructions, proceedings on remand are limited to the appellant's Rule 900(b) disclosures.

The appellant's Appointments Clause claim is now moot.

¶9 In *Lucia*, the Supreme Court held that SEC ALJs qualify as Officers of the United States subject to the Appointments Clause, rather than as mere employees. *Lucia v. Securities & Exchange Commission*, 138 S. Ct. 2044, 2049, 2052-55 (2018). Because SEC's ALJs were appointed by SEC staff members rather than the Commission itself, the Court held that the appointment of those ALJs violated the Appointments Clause. *Id.* at 2050-51. The Court further held that because Lucia had made a timely challenge to the constitutional validity of the appointment of the ALJ who adjudicated his case, he was entitled to relief in the

form of a new hearing before a different, properly appointed official. *Id.* at 2055.[5]

¶10 The Court in *Lucia* did not specifically define what constitutes a timely challenge to an appointment. *Id.* There is an issue as to the timeliness of the Appointments Clause claim in this case. *See McClenning v. Department of the Army*, 2022 MSPB 3, ¶¶ 5-15 (2022) (holding that, in order to be timely, an Appointments Clause claim must be raised before the close of the record before the administrative judge). Here, the appellant failed to raise his Appointments Clause claim before the administrative judge in his initial appeal, in his petition for review to the Board, or in his appeal to the Fourth Circuit. It was only after the Fourth Circuit had remanded the appeal to the Board for further adjudication of certain claims that the appellant raised the Appointments Clause for the first time. However, we find that we need not resolve the timeliness question because the appellant's Appointments Clause claim as to the claims remanded by the Fourth Circuit is moot.

¶11 The Court in *Lucia* held that the remedy for an Appointments Clause violation "is a new 'hearing before a properly appointed' official." *Lucia*, 138 S. Ct. at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)). Here, all of the Board's administrative judges have now received appointments ratified by the head of the agency, thereby satisfying the requirements of the Appointments Clause. *See* U.S. Merit Systems Protection Board Ratification Order (Mar. 4, 2022), https://www.mspb.gov/foia/files/AJ_Ratification_Order_3-4-2022.pdf. The Ratification Order is a public document, of which we take administrative notice. *Id.*; *see Azdell v. Office of Personnel Management*, 88 M.S.P.R. 319, 323 (2001). That document is also now a part of the record

[5] The holding in *Lucia* applied only to SEC ALJs and therefore did not directly address whether the Board's method of appointing administrative judges violated the Appointments Clause. For the reasons set forth herein, we need not resolve that question here.

before the Board. M-4 AF, Tab 19. In order to avoid any additional Appointments Clause issues, we direct the regional office to assign the appeal to a properly appointed official other than either the administrative judge who issued the first initial decision or the administrative judge who certified the interlocutory appeal. *See Lucia*, 138 S. Ct. at 2055.[6] Thus, the appellant has received all the relief the Board can provide as to his Appointments Clause claim and that issue is now moot. *See Milner v. U.S. Postal Service*, 118 M.S.P.R. 600, ¶ 4 (2012) (holding that an issue is moot when there is no effective relief that the Board can provide).

The Board lacks authority to adjudicate the appellant's separation of powers claim.

¶12 We agree with the administrative judge that the Board is unable to adjudicate the appellant's argument that the removal protections provided by statute to Board members and other Board officials, including administrative judges, violates constitutional separation-of-powers principles. *See Malone v. Department of Justice*, 14 M.S.P.R. 403, 406 (1983) (declining to address the constitutionality of a statute relating to veterans preference). An administrative

[6] Arguably, either of those administrative judges could properly adjudicate the appeal now that they have received proper appointments. The Court in *Lucia* held that the official who heard the case after remand could not be the same one who already heard the case and issued an initial decision on the merits, even if he were to receive a proper appointment, because "[h]e cannot be expected to consider the matter as though he had not adjudicated it before." *Lucia*, 138 S. Ct. at 2055. This logic would not apply to the administrative judge who certified the interlocutory appeal as he has not expressed a view on the merits of the appeal. The Court in *Lucia* further indicated that it was especially important to have a different ALJ adjudicate the case on remand when the Appointments Clause issue was the only basis for remand and thus "the old judge would have no reason to think he did anything wrong on the merits . . . and so could be expected to reach all the same judgments." *Id.* at 2055 n.5. Here, by contrast, even if we returned the case to the administrative judge who issued the first initial decision, the Fourth Circuit's decision would preclude him from simply issuing the same decision a second time. Nevertheless, we find it appropriate to assign the appeal to a different administrative judge for further adjudication in order to avoid any further claim under the Appointments Clause.

agency "has no authority to entertain a facial constitutional challenge to the validity of a law." *Jones Brothers, Inc. v. Secretary of Labor*, 898 F.3d 669, 673 (6th Cir. 2018). "Each of the three branches of the [F]ederal [G]overnment . . . has an independent obligation to interpret the Constitution[,] [b]ut only the Judiciary enjoys the power to invalidate statutes inconsistent with the Constitution." *Id.* at 674 (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803)). Should the appellant choose to seek judicial review of the Board's final decision in this matter after remand, he would have an opportunity to present his separation of powers argument at that time.

## ORDER

¶13 Accordingly, we vacate the stay order issued in this proceeding and return the appeal to the regional office for further processing and adjudication before a different administrative judge consistent with this Order.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.